UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV1011 FRB |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This cause is before the Court on plaintiff's appeal of an adverse ruling by the Social Security Administration. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Defendant now moves to dismiss this cause of action arguing that the Court lacks subject matter jurisdiction inasmuch as there is no "final decision" of the Commissioner subject to judicial review. Plaintiff has responded to the motion. For the following reasons, defendant's motion should be granted.

### I. Procedural History

Taking plaintiff's factual averments in his Complaint as true, the record before the Court on defendant's motion shows as follows:

In March and April 2003, plaintiff Roger Martin filed applications for Disability Insurance Benefits and Supplemental Security Income pursuant to Titles II and XVI of the Social

Security Act, 42 U.S.C. §§ 401 et seq., §§ 1381 et seq. Upon initial denial by the Social Security Administration (SSA), plaintiff requested and obtained a hearing before an Administrative Law Judge (ALJ); and on June 8, 2004, a hearing was held before ALJ Myron D. Mills. In a written decision entered August 12, 2004, ALJ Mills denied plaintiff's applications for benefits.

On September 14, 2004, plaintiff, through counsel, completed a Request for Review of Hearing Decision/Order and, on or about that date, mailed the request to the Appeals Council at the Office of Hearings and Appeals. (Compl., Exh. A; Ray Affid.) Accompanying this request was a letter from counsel requesting a copy of the recording made at the hearing. (Compl., Exh. A.) Thereafter, on October 25, 2004, plaintiff's counsel submitted medical records to the Appeals Council for review. Counsel sent additional medical records to the Appeals Council on October 26 and 29, 2004; and on March 15, 2005. (Pltf.'s Resp. to Mot. to Dism., Exh. C.)

In a letter to plaintiff dated August 11, 2006, the Appeals Council stated that it received plaintiff's request for review of the ALJ's decision on January 30, 2006[1]; and that, because such request was outside the sixty-day period within which

---

[1]According to the Appeals Council, January 30, 2006, represents the date upon which it "received a letter of objections dated January 25, 2006, from the claimant's attorney[.]" (Deft.'s Mot. to Dism., Baskerville Decl., Exh. 3.)

a claimant could request review of an ALJ's decision, the Appeals Council would dismiss the request as untimely unless good reason was shown for the late filing. (Pltf.'s Resp. to Mot. to Dism., Exh. D.) In a letter to the Appeals Council dated August 15, 2006, plaintiff's counsel submitted a copy of plaintiff's Request for Review of Hearing Decision/Order dated September 14, 2004, and argued that his appeal of the ALJ's decision was timely. (Compl., Exh. B.) Thereafter, on September 13 and October 2, 2006, counsel sent additional medical records to the Appeals Council for review. (Pltf.'s Resp. to Mot. to Dism., Exh. E.)

In an Order entered November 21, 2006, the Appeals Council dismissed plaintiff's request for review of the ALJ's decision, finding the request to be untimely filed. The Appeals Council determined that plaintiff's submission of a copy of a September 2004 request for review did not establish proof of such filing, especially when a search of SSA's records and of plaintiff's claim file showed plaintiff's first correspondence with the SSA subsequent to the ALJ's decision to have occurred on October 25, 2004 — over sixty days after the decision. (Deft.'s Mot. to Dism., Baskerville Decl., Exh. 3.) The Appeals Council determined, however, that plaintiff's submission of additional evidence concerning the substance of the hearing decision constituted an implied request to reopen the decision. The Appeals Council therefore requested ALJ Mills to consider and rule the

request to reopen. (Id.; Pltf.'s Resp. to Mot. to Dism., Exh. F.)

Thereafter, in letters dated March 14, December 5, and December 10, 2007; and in an additional letter dated April 9, 2008, plaintiff's counsel inquired of the SSA as to the status of the request to reopen, which had been referred to ALJ Mills in November 2006. (Pltf.'s Resp. to Mot. to Dism., Exh. G.) In a letter dated May 13, 2008, ALJ James E. Seiler responded to counsel's April 2008 letter and informed him that the file and November 2006 memorandum were not sent to the respective branch of the Office of Disability Adjudication and Review until February 19, 2008. ALJ Seiler also informed counsel that he had determined not to reopen ALJ Mills' August 2004 decision:

> Judge Mills is no longer in the hearing office and due to the amount of time that has elapsed since his decision and the receipt of the file (February 19, 2008), I am not reopening the decision dated August 12, 2004. I have not considered the merits of that decision.
>
> For the reasons stated above, I have not reopened the decision dated August 12, 2004, and it stands as the final decision of the Secretary [sic] on the claimant's application of April 21, 2003.

(Deft.'s Mot. to Dism., Baskerville Decl., Exh. 2.)

On July 11, 2008, plaintiff filed the instant cause of action seeking judicial review of the Commissioner's final decision in this cause.

## II. Discussion

Judicial review of the decisions of the Social Security Administration may only be sought "after any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party[.]" 42 U.S.C. § 405(g). Defining what constitutes a "final decision" under the statute is a responsibility left for the Commissioner to "flesh out by regulation[.]" Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

Under 20 C.F.R. §§ 404.900(a)(5) and 416.1400(a)(5), a "final decision" of the Commissioner is made only upon a claimant's completion of all steps of the administrative review process within the time provided in the regulations.[2] Only a claimant who proceeds through all of these stages of administrative review

---

[2] 20 C.F.R. §§ 404.900(a) and 416.1400(a) set out the four steps of this administrative review process:

(1) *Initial determination*. This is a determination [the Commissioner] make[s] about your entitlement or your continuing entitlement to benefits or about any other matter . . . that give you a right to further review.

(2) *Reconsideration*. If you are dissatisfied with an initial determination, you may ask [the Commissioner] to reconsider it.

(3) *Hearing before an administrative law judge*. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) *Appeals Council review*. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

receives a final decision from the Commissioner subject to judicial review under 42 U.S.C. § 405(g).  See Bowen v. City of New York, 476 U.S. 467, 471-72 (1986); Shinn by Shinn v. Sullivan, 915 F.2d 1186, 1187 (8th Cir. 1990) ("The Secretary's regulations provide that when a claimant has completed all of the steps of the administrative review process, the Secretary has made his final decision.") (citing 20 C.F.R. § 404.900(a)(5)).  If a claimant is dissatisfied with a decision in the administrative review process but fails to take the next administrative step within the stated time period, he loses the right to further administrative review and his right to judicial review "unless [he] can show [the Commissioner] that there was good cause for [his] failure to make a timely request for review."  20 C.F.R. §§ 404.900(b), 416.1400(b).  The final step of the administrative review process requires the claimant to request that the Appeals Council review the ALJ's decision.  20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4).  Such requests must be made within sixty days of the claimant's receipt of the ALJ's decision.  20 C.F.R. §§ 404.968, 416.1468.

In the instant cause, although plaintiff avers that his written request for Appeals Council review was timely filed, the Commissioner nevertheless determined plaintiff's request to be untimely, and further, that plaintiff failed to show good cause for his failure to make a timely request for review.  The Appeals Council's resulting dismissal of plaintiff's request for review is

not subject to judicial review. Smith v. Heckler, 761 F.2d 516, 518 (8th Cir. 1985); 20 C.F.R. §§ 404.972, 416.1472. Inasmuch as plaintiff failed to timely request that the Appeals Council review the ALJ's decision, he failed to complete all steps of the administrative review process. As such, there is no "final decision" of the Commissioner for this Court to review. 20 C.F.R. §§ 404.900(a)(5), (b); 416.1400(a)(5), (b). Accordingly, this Court lacks subject matter jurisdiction over plaintiff's request for judicial review of the Commissioner's adverse decision on his 2003 applications for benefits. 42 U.S.C. § 405(g); Smith, 761 F.2d at 517.

This circumstance does not change with ALJ Seiler's May 2008 determination not to reopen ALJ Mills' August 2004 decision. A denial of a request to reopen a claim is not subject to either administrative or judicial review. 20 C.F.R. §§ 404.903(*l*), 416.1403(*l*). Absent a constitutional claim, the discretionary denial of a request to reopen a prior determination is not a final decision that would provide this Court with subject matter jurisdiction under 42 U.S.C. § 405(g). Califano v. Sanders, 430 U.S. 99, 107-08 (1977). Plaintiff does not raise any constitutional challenge to the Commissioner's action in this cause. In addition, inasmuch as ALJ Seiler did not reconsider the merits of plaintiff's claims in his determination not to reopen ALJ Mills' decision, it cannot be said that the Commissioner constructively

reopened the case with this determination. See <u>King v. Chater</u>, 90 F.3d 323, 325 (8th Cir. 1996) (claims that have been reconsidered on the merits during administrative review are deemed reopened and subject to federal court review). Accordingly, this Court does not have subject matter jurisdiction over ALJ Seiler's determination not to reopen the August 2004 decision.

### III. Conclusion

As is evident from the recitation of the administrative history of this cause, the manner by which this case "progressed" through the administrative review process was plagued with delays, unanswered queries, and empty results — all of unknown cause. Nevertheless, as discussed above, none of the administrative decisions rendered throughout this process constitute "final decisions" subject to judicial review. Because this Court lacks subject matter jurisdiction over plaintiff's claims in this cause of action, the matter must be dismissed. The Eighth Circuit has recognized that while such a disposition may be harsh in some circumstances, "the necessity to maintain orderly review requires compliance with orderly procedures." <u>Sheehan v. Sec'y of Health, Educ. & Welfare</u>, 593 F.2d 323, 327 (8th Cir. 1979).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the defendant Commissioner's Motion to Dismiss (Doc. #12) is granted.

**IT IS FURTHER ORDERED** that this cause is hereby dismissed for lack of subject matter jurisdiction.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this  _5th_  day of May, 2009.